————o————

## No. 3337.

(Court of Appeal, Parish of Orleans.)

IN RE JOHN F. LINDNER, praying for possession.

1. The bare denial of receipt of notice of intended sale by the tax payer in interest may be overcome by the affirmative evidence of a disintered official corroborated by a public record, but the unsupported presumption of notice resulting from the tax deed must yield to the positive denial of a tax payer deemed credible by the Court.

Appeal from Civil District Court, Division B.

R. C. Metoyer and P. L. Fourchy, for Plaintiff and Appellee.

Theo. Cotonio, Defendant and Appellant.

DUFOUR, J. Lindner having acquired certain property

at a sale for City taxes, sued out a writ of possession after the delay for redemption had expired, and was enjoined by the former owner on the ground that no notice of intended sale was served on her.

The plaintiff in injunction, Emeline Ross, testifies positively that no notice was served upon her by any officer of the City. She remembered not having paid the tax and having been served by the Sheriff with the writ of possession. The district judge who heard her, believed her and evidently concluded that, though she is very old, her recollection was trustworthy.

It has frequently been held that the bare denial of the party in interest may be overcome by the affirmative evidence of a disinterested official corroborated by a public record, but we know of no case in which the unsupported presumption of notice resulting from the deed has been deemed potent against the positive statement of a tax payer thought credible by the Court.

52 An. 1073-1565.

We do not find the act of sale in the record but must assume that it contains the usual general declarations.

The officer who made the service was not produced, neither was the return which, under Section 51 of Act 170 of 1898, shall be received by the Court as prima facie evidence of notice. Conceding that the certified copy of return excluded by the judge below and brought here annexed to a bill of exceptions, should be considered, we do not find that it adds any force to the presumption of law.

In fact it is meaningless and absurd on its face.

"I hereby certify that on this 11th day of April I delivered to (Mrs.) Anthony Ross (deceased) in person, etc."

We note the exception to the Judge's refusal to grant a continuance merely to say, that an appellate Court will not interfere in such matters unless the trial Judge has acted arbitrarily.

Such is not the case here; the cause had been specially assigned and the parties announced themselves as ready for trial.

The judgment perpetuating the injunction and annulling the sale is correct.

Judgment affirmed.

December 21st, 1903.

Rehearing refused January 11, 1904.